UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY L. MORRIS, JR.,**

        **Plaintiff,**

-vs-                                                              Case No. 6:10-cv-233-Orl-19GJK

**CITY OF ORLANDO, FLORIDA and**
**OFFICER FINLEY JOHNSON, in his official**
**and individual capacities,**

        **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Motion for Default Judgment by Plaintiff Larry L. Morris, Jr. (Doc. No. 18, filed June 7, 2010);

2. Motion for Default Judgment by Plaintiff Larry L. Morris, Jr. (Doc. No. 19, filed June 14, 2010);

3. Motion to Quash Service of Process and Dismiss for Lack of Personal Jurisdiction by Defendants City of Orlando and Finley Johnson (Doc. No. 20, filed June 25, 2010); and

4. Motion for Leave to File Amended USM 285 Form by Plaintiff Larry L. Morris, Jr. (Doc. No. 23, filed July 6, 2010).

## Background

On February 8, 2010, Plaintiff Larry L. Morris, Jr., proceeding *in forma pauperis*, (Doc. No. 8), filed a complaint against Officer Finley Johnson and the City of Orlando ("City"), alleging that

Johnson, a member of the Orlando Police Department, unlawfully arrested him on September 26, 2008. (Doc. No. 1.) On April 26, 2010, returns of service of process by certified mail were executed for each Defendant. (Doc. Nos. 14-15, filed Apr. 29, 2010.) On May 26, 2010, Morris filed a Motion for Default Judgment, which was denied because Morris did not first obtain a clerk's entry of default. (Doc. Nos. 16-17.) On June 7, 2010, Morris filed a second Motion for Default Judgment, and on June 14, 2010, he filed a third Motion for Default Judgment. (Doc. Nos. 18-19.) On June 25, 2010, Defendants filed a Motion to Quash Service of Process and Dismiss for Lack of Personal Jurisdiction. (Doc. No. 20.) As of the date of this Order, Morris has not filed a response in opposition. On July 6, 2010, Morris filed a Motion for Leave to File an Amended USM 285 Form, which is the form used to request service of process on a party by a United States Marshal. (Doc. No. 23.)

**Standard of Review**

**I. Motion for Default Judgment**

Prior to seeking a default judgment pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first obtain an entry of default pursuant to Federal Rule of Civil Procedure 55(a). *See* Local Rule 1.07(b) ("When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b) . . . .").

**II. Motion to Quash Service of Process**

"[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139

(5th Cir. 1980) (citation omitted).[1]  "Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings."  *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005).

**Analysis**

**I.  Motions for Default Judgment**

Plaintiff's Motions for Default Judgment will be denied because Plaintiff did not obtain a clerk's entry of default prior to moving for default judgment, as required by Local Rule 1.07(b).  In addition, for the reasons discussed below, Defendants were not properly served with process, and thus the Court has no power to render judgment against Defendants.  *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment . . . .") (citations omitted).

**II.  Service of Process**[2]

**A.  Service on City**

Plaintiff attempted to serve the City by submitting a USM Form 285 to the United States Marshal directing the Marshal to serve a copy of the summons and complaint on "Mayanna Downs - City Attorney, P.O. Box 4990, Orlando, Florida 32802."  (Doc. No. 14 at 1, filed Apr. 29, 2010.)  A copy of the summons and complaint were sent by certified mail, return receipt requested, to this

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] "The concept of personal jurisdiction comprises two distinct components:  amenability to jurisdiction and service of process."  *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (quoting *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003)).  Defendants' Motion to Quash Service of Process and Dismiss for Lack of Personal Jurisdiction addresses only service of process.

-3-

address, and the return receipt was signed by Pedro Ovalles, a contract employee who works in the mailroom of the City. (Doc. No. 20 at 2; Doc. No. 14 at 2.) Defendants argue that this service of process was deficient because mailing does not constitute "delivery" under Federal Rule of Civil Procedure 4, because the City Attorney is not the Chief Executive Officer of the City, and because Ovalles was not authorized to accept service on behalf of the City. (Doc. No. 20 at 4-5.)

Federal Rule of Civil Procedure 4(j)(2) provides that service of process on a local government is accomplished by either: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Pursuant to Section 48.111(1), Florida Statutes, service of process on a local government shall be made by service:

(a) On the president, mayor, chair, or other head thereof; and in his or her absence;

(b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above;

(c) On any member of the governing board, council, or commission.

Mailing is not "delivering" under Federal Rule of Civil Procedure 4. *See, e.g.*, *Gilliam v. County of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) ("[T]he use of certified mail is not sufficient to constitute 'delivering' under Rule 4." (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (finding that service by mail was not delivery under Fed. R. Civ. P. 4(h)); *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (recognizing the textual distinction between delivering and mailing), *superseded on other grounds by rule as stated in Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005); *E. Shore Marine, Inc. v. Smith*, No. 08-0022-WS-B, 2008 WL 697716, at *2 (S.D. Ala. Mar. 10, 2008) ("'Delivery' under Rule 4 requires personal delivery, not mailing."). Accordingly,

mailing a copy of the complaint and summons to the City Attorney by certified mail, return receipt requested, does not constitute "delivering a copy of the summons and of the complaint to its chief executive officer" pursuant to Federal Rule of Civil Procedure 4(j)(2)(A).

Plaintiff's service of process by certified mail also failed to comply with Section 48.111(1), Florida Statutes and thus Federal Rule of Civil Procedure 4(j)(2)(B). Although Section 48.111 is silent as to the appropriate methods of service, service by certified mail does not constitute "delivery" as generally required for service under Florida law.[3] *See, e.g.*, Fla. R. Civ. P. 1.070; *Paredes v. Cochran*, 666 So. 2d 991, 992 (Fla. 4th DCA 1996); *Hicks v. City of Hialeah*, 647 So. 2d 984, 986 (Fla. 3d DCA 1994); *Transp. & Gen. Ins. Co. v. Receiverships of Ins. Exch. of the Ams., Inc.*, 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991). In addition, Plaintiff's service of process on the City was defective because there is no evidence in the record that Plaintiff attempted to serve the city officials in the order listed in Section 48.111(1) before serving Ovalles or that the City designated Ovalles to receive service of process on its behalf. *See Abele v. City of Brooksville, Fla.*, 273 F. App'x 809, 811 (11th Cir. 2008) (finding that the service of process on an inferior city official was ineffective under Florida law because the return of service did not contain a statement that the officials specified under F.S.A. § 48.111 were unavailable (citing *City of Hialeah v. Carroll*, 324 So. 2d 639, 641 (Fla. 3d DCA 1976))).

**B. Service on Johnson**

Plaintiff attempted to serve Johnson by submitting a USM Form 285 to the United States Marshal directing the Marshal to serve a copy of the summons and complaint on "Finley Johnson,

---

[3] A defendant may consent to service of process by certified mail, return receipt requested, pursuant to Florida Rule of Civil Procedure 1.070(i). However, there is no evidence in the record that Plaintiff attempted service under this rule or that Defendants consented to service by mail.

official capacity, Orlando Police Department, P.O. Box 913, Orlando, Florida 32802." (Doc. No. 14 at 1, filed Apr. 29, 2010.) A copy of the summons and complaint were sent by certified mail, return receipt requested, to that address, and the return receipt was signed by Keith Tolliver, a supply clerk with the Orlando Police Department. (Doc. No. 20 at 2; Doc. No. 15 at 2.) Defendants argue that this service of process was deficient because the return of service form does not contain a date of service and an authorized signature[4] and because Johnson was not personally served. (Doc. No. 20 at 4-5.)

Federal Rule of Civil Procedure 4(e) provides the rule for serving an individual within the jurisdiction of the United States other than a minor, an incompetent person, or a person for whom a waiver of service has been filed. Service is accomplished by either:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Pursuant to Section 48.031(1)(a), Florida Statutes, "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper[5] or by leaving the copies at his or her usual place of abode

---

[4] As discussed *infra* part II.C, because Plaintiff proceeds *in forma pauperis*, he will not be penalized for defects in service of process beyond his control.

[5] "Employers, when contacted by an individual authorized to make service of process, shall permit the authorized individual to make service on employees in a private area designated by the employer." § 48.031(1)(b), Fla. Stat.

with any person residing therein who is 15 years of age or older and informing the person of their contents."

Plaintiff's service of process on Johnson failed to comply with either of the means of service set forth in Federal Rule of Civil Procedure 4(e). There is no evidence in the record that a copy of the complaint and summons were delivered to Johnson personally or to a person of suitable age at Johnson's usual place of abode. In addition, the record contains no evidence that Johnson authorized Tolliver to accept service of process on his behalf. Accordingly, Morris failed to properly serve process on Johnson.

### C. Effect of *In Forma Pauperis* Status

Litigants proceeding *in forma pauperis* are "entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990); *Middleton v. City of Lakeland*, 830 F. Supp. 1449, 1452 (M.D. Fla. 1993). However, "a plaintiff may not remain silent and do nothing to effectuate such service." *Fowler*, 899 F.2d at 1095 (quoting *Rochon v. Dawson*, 828 F.3d 1107, 1110 (5th Cir. 1995)). "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.*

Plaintiff failed to provide the United States Marshall sufficient information on the USM 285 forms for the Marshal to properly serve either Defendant. Defendants concede that the Mayor of Orlando may receive service of process on behalf of the City pursuant to Section 48.111, Florida Statutes, (Doc. No. 20 at 5), and there is no evidence in the record that Plaintiff has attempted to serve process on the Mayor. Similarly, the Court finds no evidence in the record that Plaintiff has

provided the United States Marshal with sufficient information to personally serve Johnson or that it is beyond Morris's ability to provide sufficient information on a USM 285 form for the United States Marshal to do so. Although Plaintiff listed a physical address in the "special instructions" section of each USM 285 form, Plaintiff instructed the Marshal to serve Defendants at post office boxes. (Doc. No. 14 at 1; Doc. No. 15 at 1.) Because the Marshal served the locations specified by Plaintiff on the USM 285 forms, the ineffectiveness of the service of process on Defendants is attributable to Plaintiff. Therefore, the Court will quash the service of process on Defendants and grant Plaintiff leave to properly serve process on Defendants.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action . . . or order that service be made within a specified time." The 120-day deadline has passed without proper service of process on either Defendant. However, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In light of Plaintiff's diligence in petitioning to proceed *in forma pauperis* and submitting USM 285 forms to the United States Marshal, the Court finds good cause to extend the deadline for service of process on Defendants. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (focusing the good cause inquiry on a party's diligence).

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Motions for Default Judgment by Plaintiff Larry L. Morris, Jr. (Doc. Nos. 18-19) are **DENIED**.

2. The Motion to Quash Service of Process and Dismiss for Lack of Personal Jurisdiction by Defendants City of Orlando and Finley Johnson (Doc. No. 20) is **GRANTED**. The services of process shown by the returns of service executed on April 26, 2010 (Doc. Nos. 14-15) are **QUASHED**.

3. The Motion for Leave to File Amended USM 285 Form by Plaintiff Larry L. Morris, Jr. (Doc. No. 23) is **GRANTED**. The Clerk of Court shall mail two copies of form USM 285 to Plaintiff.

4. Plaintiff shall serve process on Defendants and file the returns of service with the Court within 90 days from the date of this Order. Should Plaintiff fail to comply with this Order, this case may be dismissed without prejudice and without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 19, 2010.

*[Signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Larry L. Morris, Jr.
United States Marshal for the Middle District of Florida